IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LEWIS LYLES | § | |
| v. | § | CIVIL ACTION NO. 6:08cv382 |
| DOUGLAS DRETKE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Lewis Lyles, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lyles says that on September 5, 2007, he was assaulted by an inmate named Willie Jones, apparently his cellmate. He filed two life endangerment complaints, and Jones was moved out of his cell. However, Lyles says, he received two disciplinary cases in retaliation for his life endangerment complaints.

On February 28, 2008, Lyles says that an individual named Sgt. Odiaka tried to move him into a cell with Jones, and threatened him with disciplinary action if he refused. Lyles appealed to the lieutenant, who had Jones moved to another section.

On March 28, 2008, Sgt. Marshen brought Jones to Lyles' cell to move him in, but Lyles refused, and Jones was again moved to another section. On May 1, 2008, Lt. Holman and Lt. Ball brought Jones to his cell and tried to move him in, but Lyles refused to allow it; in retaliation, he says, he was placed in solitary confinement for eight days without legal or religious materials.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that Lyles be denied *in forma pauperis* status and that the lawsuit be dismissed. The Magistrate Judge noted that Lyles had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted, and consequently is subject to the bar imposed by 28 U.S.C. §1915(g), which provides that incarcerated persons with three strikes cannot proceed under the *in forma pauperis* statute unless they are in imminent danger of serious bodily injury, a showing which the Magistrate Judge determined that Lyles did not make.

Lyles filed objections to the Magistrate Judge's Report on March 2, 2009. In his objections, Lyles first says that the Magistrate Judge's analysis of the three-strikes provision "does not apply to him" because the majority of the cases involve a "serious abuse of the honorable courts," which Lyles says that he has never done. However, Congress has determined that the filing of three lawsuits or appeals which are determined to be frivolous is *per se* abusive, leading to the imposition of the three-strikes bar as set out in 28 U.S.C. §1915(g). This objection is without merit.

Next, Lyles says that his allegations are sufficient to show that he is in imminent danger of serious physical injury. He says that on January 29, 2009, he was placed in pre-hearing detention on 11 Building, which he says is "discrimination and retaliation" because he was just released from pre-hearing detention on 11 Building a hundred days ago. He says that "I was forced out into threats of assault and imminent danger by the lower-ranking officers," and was "threatened and assaulted;" Lyles says that he is 67 years old and "100% disabled," and unable to endure the mental stress and anguish which these unnamed "lower ranking officers" placed on him. Lyles also says that since being locked up 24 days ago, he has filed 87 requests to the medical department for his high blood pressure medication.

Lyles says that on August 28, 2008, he was forced out of protective custody by Major Cook, and that at that time, Cook promised him that three certain inmates would not be placed on the same section with him. On November 28, 2008, however, one of these inmates, Jones, was

placed on the same section with him, two doors down. Lyles complained to Captain Atchison, but Atchison ignored him and walked away. He also talked to Sgt. Brown and to Major Cook, but nothing was done.

The courts have uniformly held that general allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). *See* Valdez v. Bush, civil action no. 3:08cv1481 (N.D.Tex., October 24, 2008) (unpublished) (available on WESTLAW at 2008 WL 4710808); Alpine v. Long, civil action no. 9:07cv234 (E.D.Tex., October 23, 2007) (unpublished) (available on WESTLAW at 2007 WL 3132530); Niebla v. Walton Correctional Institution, civil action no. 3:06cv275 (N.D.Fla., July 20, 2006) (unpublished) (available on WESTLAW at 2006 WL 2051307). This is in keeping with established Fifth Circuit precedent holding that civil rights claimants must state specific facts, not conclusory allegations. Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986); *see also* Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996). Lyles' vague and general allegations are insufficient to show that he is in imminent danger of serious physical injury.

Lyles does make a specific allegation that he has been experiencing difficulty in obtaining blood pressure medication. The Fifth Circuit has held that allegations about the quality of medical care, including a delay in treatment for a fractured jaw, is insufficient to satisfy the exception to Section 1915(g). Edmond v. Texas Department of Corrections, et al., slip op. no. 97-10819 (5th Cir., October 7, 1998) (not selected for publication in the Federal Reporter) (available on WESTLAW at 1998 WL 723877). Lyles also asserts that one of his enemies was placed on the same section with him, two cells away. The fact that Jones was at one time housed two cells down from him does not by itself show that Lyles is in imminent danger of serious physical injury; Lyles states that he is in pre-hearing detention, an area in which inmates are single-celled.

The imminent-danger exception to Section 1915(g) refers to threats which are "real and proximate," meaning "a genuine emergency where time is pressing." Ciarpaglini v. Saini, 352 F,3d 328, 330 (7th Cir. 2003); Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). Lyles has

3

not offered specific facts showing that such a circumstance existed at the time that he filed his lawsuit, and so his objections are without merit.

The Court has conducted a careful *de novo* review of the Plaintiff's complaint and pleadings, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee. Should the Plaintiff pay the full filing fee within 30 days after the date of entry of final judgment, he will be allowed to proceed in the lawsuit as though the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this cause, specifically including but not limited to the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) are hereby DENIED.

**SIGNED this 16th day of March, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE